UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                Plaintiff,

        v.

KENNETH G. FITZGERALD,

                Defendant.

No. CR-06-2136-FVS

ORDER

**THIS MATTER** comes before the Court, pursuant to 28 U.S.C. § 2255, based upon the defendant's motion to modify the amended judgment that was entered on May 29, 2007.

**BACKGROUND**

On May 17, 2007, the defendant admitted committing seven violations of his supervised release.  The Court revoked his supervised release, ordered him to serve ten months of incarceration, but advised him it would recommend that the ten-month period run concurrently with a sentence imposed in Kittitas County Superior Court.  The defendant has begun serving his federal sentence.  He says the Bureau of Prisons ("BOP") is taking the position that the state sentence expired before the Court imposed its ten-month term.  Thus, says the BOP, the federal sentence cannot not run concurrently with the state sentence.

**RULING**

"After a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons], has the

ORDER - 1

responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 1355, 117 L.Ed.2d 593 (1992). Thus, questions concerning the execution of a sentence should be presented to the Bureau of Prisons ("BOP") in the first instance. *See id.* If, after exhausting his administrative remedies, the defendant remains dissatisfied, he may seek review of the BOP's decision under 28 U.S.C. § 2241. *See Doganiere v. United States*, 914 F.2d 165, 169 (9th Cir.1990); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir.1984). However, the proper forum for bringing a § 2241 habeas petition challenging the execution of a sentence is the district where the prisoner is confined. *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir.1989). The proper respondent in such an action is the prisoner's "immediate custodian." *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir.1992) (per curiam) (citation omitted). Its unclear where the defendant is incarcerated. However, it doesn't matter at this juncture because the defendant has not demonstrated that he's exhausted his administrative remedies.

**IT IS HEREBY ORDERED**:

The defendant's motion to modify (**Ct. Rec. 31**) is denied.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to the defendant personally and to counsel for the parties.

**DATED** this ___9th___ day of August, 2007.

                    s/ Fred Van Sickle
                    Fred Van Sickle
               United States District Judge

ORDER - 2